UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HENRY O. JOHNSON, Jr., | ) | 3:14CV1675 |
| | ) | |
| Petitioner | ) | JUDGE JACK ZOUHARY |
| | ) | (Magistrate Judge Kenneth S. McHargh) |
| v. | ) | |
| | ) | |
| ED SHELTON, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent | ) | REPORT AND |
| | ) | <u>RECOMMENDATION</u> |

McHARGH, MAG. J.

    A petition for a writ of habeas corpus has been filed on behalf of Henry O. Johnson, Jr. ("Johnson"), arising out of Johnson's 2010 conviction, based on a plea of no contest, for aggravated robbery, felonious assault, and attempted murder, in the Lucas County (Ohio) Court of Common Pleas. In the petition, four grounds for relief are raised, verbatim:

    1. Ineffective assistance of trial & appeal counsel. App.R.26(b).
    Motion to withdraw no contest plea. Evidence Rule, D.N.A.

    2. Ineffective assistance of trial & appeal counsel.

    3. 26(b). Motion to withdraw no contest plea. Ineffective assistance of trial & appeal counsel.

    4. 26(b). Ineffective assistance of trial & appeal counsel. Motion to withdraw no contest plea. (3) years for firearm spec. 1 year for allied offense. Judicial release.

1

(Doc. 1, § 12.) Other than the above, there are no "supporting facts" for any of the grounds of the petition. The section of the petition requesting specific relief is blank, and the petition is unsigned and unverified. (Doc. 1, at [15].)

The respondent has filed a motion to dismiss the petition, and to vacate the court's initial order requiring a Return of Writ. (Doc. 6.) Over two months have passed since the motion was filed on Feb. 6, 2015, and no response has been filed with the court. The motion to dismiss the petition should be granted.

The respondent requests dismissal because the petition is unsigned, undated, and unverified. (Doc. 6, at 8, citing *Ellison v. Sheets*, No. 1:07CV403, 2008 WL 1901678 (S.D. Ohio Apr. 29, 2008), and *Kafo v. United States*, 467 F.3d 1063 (7th Cir. 2006).) The respondent also points out that Habeas Rule 2(c) requires that the petition specify the facts supporting each constitutional ground, and the petition here offers no factual support whatsoever.

Rule 2(c) provides that the habeas petition must:

(1) specify all the grounds for relief available to the petitioner;

(2) state the facts supporting each ground;

(3) state the relief requested;

(4) be printed, typewritten, or legibly handwritten; and

(5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Rule 2(c) of Rules Governing Habeas Corpus Cases. As stated earlier, the petition here fails to meet the requirements of Rule 2(c)(2), (3), and (5), because the petition

fails to specify the facts supporting each constitutional ground, fails to state the relief requested, and the petition is not signed and verified.

"Notice" pleading is insufficient in the habeas context, as the petitioner is expected to state facts that point to a real possibility of constitutional error. *Blackledge v. Allison,* 431 U.S. 63, 75 n.7 (1977); *Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002). The respondent argues dismissal is justified because the grounds as presented in the petition are insufficient to adequately allege a federal constitutional violation. Merely using talismanic constitutional phrases such as "ineffective assistance of counsel" does not constitute raising a constitutional issue, respondent contends. (Doc. 6, at 8, citing *Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006), *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000),and other cases.) The court notes that the cases cited by the respondent arose in the "exhaustion" context of how the petitioner in each presented his constitutional grounds to the state court, not how the grounds were presented in the petition itself. In none of these cases was the petition dismissed on the basis of inadequate allegations.

The Seventh Circuit argued for the importance of requiring strict observance of the verification requirement in *Kafo v. United States.* The court pointed out that habeas petitions request the district court to grant an extraordinary remedy to one who has already had an opportunity for full process. *Kafo*, 467 F.3d at 1068. The court asserted that before such a remedy can be invoked, the district court must

assure itself that a threshold showing has been made that justifies the necessary commitment of judicial resources. *Id.*

The respondent contends that allowing the case to proceed on the basis of such a faulty petition "carries the risk of unintentionally authorizing a second proceeding later on." (Doc. 6, at 8, citing *Deutscher v. Angelone*, 16 F.3d 981 (9th Cir. 1994) and *Ford v. Lockhart*, 861 F.Supp. 1447, 1453 (E.D. Ark. 1994).) However, *Deutscher* and *Ford* were both death penalty cases where counsel prepared a petition without the knowledge (or signature) of the petitioner.

Nonetheless, the petition before the court does not merely contain one minor flaw: the petition fails to specify the facts supporting each constitutional ground, the petition fails to state the relief requested, and the petition is not signed and verified.

More than ten weeks have passed since the motion to dismiss was filed on Feb. 6, 2015, and Johnson has failed to take the opportunity to conform his petition[1] to the requirements of Rule 2(c) of Rules Governing Habeas Corpus Cases. The motion to dismiss should be granted.

---

[1] Johnson did, however, file a second petition, apparently challenging the same conviction. That petition was filed, and a separate filing fee paid, on April 8, 2015. *See Johnson v. Coleman*, No. 3:15CV0696 (N.D. Ohio) (filed Apr. 8, 2015). Johnson did not file a response to the motion to dismiss in this case, nor did he file a motion to amend his petition in this case. While Johnson signed the second petition, the same defects remain in that second petition as to Rule 2(c)(2) and (3) (lacking supporting facts of the grounds, and the blank for "relief sought").

## SUMMARY

The motion to dismiss (doc. 6) filed by the respondent should be GRANTED. The petition as filed fails to meet the requirements of Habeas Rule 2(c)(2), (3), and (5).

## RECOMMENDATION

It is recommended that the petition for a writ of habeas corpus be dismissed.


Dated:  Apr. 20, 2015                /s/ Kenneth S. McHargh
                                     Kenneth S. McHargh
                                     United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).